IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01118-KLM

MILLENIUM, INC., a Colorado corporation,

    Plaintiff,

v.

SAI DENVER M, INC., a Colorado corporation,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion for Attorney Fees** [#37][1] (the "Motion"). Plaintiff filed a Response [#43] in opposition to the Motion, and Defendant filed a Reply [#44]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Motion [#37] is **DENIED**.

    On April 20, 2015, the Court granted Defendant's motion for summary judgment based on its implied license defense to Plaintiff's copyright infringement claim. *Order* [#35] at 27. In the Order, the Court denied without prejudice Defendant's unsubstantiated request for fees. *Id.* In the present Motion [#37], Defendant again requests an award of the fees it has incurred throughout this litigation.

---

[1] [#37] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic filing system (CM/ECF). This convention is used throughout this Order.

The initial question is whether Defendant is entitled to an award of fees. The Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Thus, this statute is an exception to the general rule that attorney's fees are paid by each party. *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1179 (10th Cir. 2011). Unlike some other exceptions to the general rule, such as 42 U.S.C. § 1988 (the civil rights fee-shifting statute), the Copyright Act's fee-shifting statute requires defendants and plaintiffs to be treated "alike." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 681-82 (10th Cir. 2012).

The Court's exercise of discretion as to whether to award fees is guided by the non-exclusive factors of "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1270 n.11 (10th Cir. 2008) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005) (quoting *Fogerty*, 510 U.S. at 534 n.19) (internal quotation marks omitted). The factors identified "may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Id.* The United States Supreme

Court has stated that the Copyright Act is "intended to motivate the creative activity of authors and inventors by the provision of a special reward," but its protections are also "limited in nature and must ultimately serve the public good." *Fogerty*, 510 U.S. at 526 (internal quotation marks omitted).

A copyright infringement claim is "objectively unreasonable when the claim is clearly without merit or otherwise patently devoid of a legal or factual basis." *Stan Lee Media, Inc. v. Walt Disney Co.*, No. 12-cv-02663-WJM-KMT, 2014 WL 3767191, at *2 (D. Colo. July 31, 2014) (citation omitted). "Objective unreasonableness is a difficult standard to apply in this context because it is listed separately from the 'frivolousness' consideration [by the United States Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. at 534 n.19,] and yet it is difficult to see the difference." *Savant Homes, Inc. v. Collins*, No. 13-cv-02049-WJM-MEH, 2015 WL 4932120, at *1 (D. Colo. Aug. 19, 2015) (noting that "some courts treat 'objectively unreasonable' and 'frivolous' as essentially synonymous" (citations omitted)). Regardless of this distinction, the Court cannot find that, although Plaintiff's position may have been unwise, it was either objectively unreasonable or frivolous. *See Nimmer on Copyright* § 14.10[D][3][b] (noting that an example of objective unreasonableness is "pursuing a claim against a defendant after dismissal of the identical claim against a co-defendant"). While the Court ultimately found that summary judgment should enter in favor of Defendant on Plaintiff's copyright claim, it also noted that "the Tenth Circuit has not yet decided the issue of an implied license in a copyright infringement case . . . ." *Order* [#35] at 10. Although the Court found that Plaintiff's factual and legal position was weak based on the Court's review of decisions issued by the District Court for the District of Colorado and by other circuit courts, *see id.* at 10 n.4, the law in the Tenth Circuit is not so clear

(when applied to the facts of this case) as to permit a finding that Plaintiff's conduct in bringing the copyright claim was egregious enough to be deemed "frivolous" or "objectively unreasonable." *See Savant Homes, Inc.*, 2015 WL 4932120, at *1.

With respect to the factors of motivation and "the need in particular circumstances to advance considerations of compensation and deterrence," *see Meshwerks, Inc.*, 528 F.3d at 1270 n.11, the Court finds that there is no indication of bad faith motivation or hard-ball tactics. *See Nimmer on Copyright* § 14.10[D][3][b] (providing as an example of bad faith motivation the filing of a lawsuit "to dominate the market in question"). Here, there is no evidence that Plaintiff engaged in hard-ball litigation tactics such as discovery abuse, a large number of non-meritorious motions, or other potentially sanctionable conduct. *See generally Nimmer on Copyright* § 14.10[D][3][b] (discussing examples of hard-ball litigation tactics in the copyright context). Defendant argues that early in the lawsuit, it attempted to settle for the full amount of the invoice for creation of the copyrighted work, plus Plaintiff's reasonable attorney's fees up to that time. *See, e.g.*, *Reply* [#44] at 4. However, as noted above, although Plaintiff's copyright claim was not meritorious, it was not so weak as to be frivolous or objectively unreasonable. The Court finds the analysis provided by the First Circuit Court of Appeals in *Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 46 (1st Cir. 2010), to be persuasive in this instance. In that case, the defendants prevailed on summary judgment on their implied license defense to the plaintiffs' copyright infringement claim. The First Circuit affirmed the District Court's denial of fees with respect to the defendants, stating:

> [T]he primary defense was that [one of the plaintiffs], through his actions, had impliedly granted a nonexclusive license that shielded the defendants from infringement liability. Although this defense carried the day, the case law

> teaches that an implied license is found only in narrow circumstances. Given the facts of record, the plaintiffs hardly can be faulted for putting the defendants to their proof on this issue. That being so, it would be quixotic for us to infer bad faith from the mere fact that the plaintiffs chose to sue and lost.

*Estate of Hevia*, 602 F.3d at 46 (internal citations omitted). Thus, the Court finds that the record is insufficient to award Defendant fees based on bad faith motivation or the need to advance considerations of compensation and deterrence. *See, e.g.*, *Savant Homes, Inc.*, 2015 WL 4932120, at *1.

Although frivolousness, objective unreasonableness, motivation, and the need to advance considerations of compensation and deterrence are non-exclusive factors, the Court is aware of no other circumstance in this case that would make an award of fees to Defendant equitable under the purposes of the Copyright Act. *See Meshwerks, Inc.*, 528 F.3d at 1270 n.11. An award of fees under the facts of this case would be unlikely to impact "the creative activity of authors and inventors by the provision of a special reward" or otherwise "ultimately serve the public good." *Fogerty*, 510 U.S. at 526 (internal quotation marks omitted).

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#37] is **DENIED**.

Dated:  October 13, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge